21591

In the Matter of Elizabeth Ann PRICE, a child under the age of seventeen years, Appellant.
(284 S. E. (2d) 356)

*George B. Cauthen,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Lindy P. Funkhouser* and *Sol. James C. Anders,* Columbia, *for respondent.*

November 10, 1981.

*Per Curiam:*

The appellant, Elizabeth Ann Price, a child under the age of seventeen years, was found guilty in the Family Court of Richland County of violating § 16-19-40 of the Code of Laws of South Carolina as amended. This section relates to "unlawful games and betting." She has appealed, alleging several errors on the part of the trial judge.

The offense took place on September 20, 1980. The petition was drawn and dated the same day, and later filed on October 3, 1980. An adjudicatory hearing was initially set for November 7, 1980, but was rescheduled and heard November 18, 1980. Appellant contends the case should have been dismissed under Family Court Rule 42, which rule provides as follows:

*Scheduling the Adjudicatory Hearing*—The date for the adjudicatory hearing shall be set at the earliest practicable date but always *within 40 days from the filing of the petition*

unless otherwise delayed by order of the Court, which order shall set forth the reasons for the delay. Failure to schedule the adjudicatory hearing within the prescribed 40 day period shall not operate as a ground for dismissal except upon an affirmative showing of material prejudice. (Emphasis added.)

The initial hearing date was 36 days after the filing and the rescheduled date was 47 days after the filing. The reason for the rescheduling is not disclosed by the record before us. Even viewing this case as a 47-day scheduling period, we think appellant was not automatically entitled to have the charge dismissed. While Rule 42 prescribes a 40-day period for setting the adjudicatory hearing, it also expressly provides that failure to satisfy this scheduling requirement warrants dismissal only upon ". . . an affirmative showing of material prejudice." We agree with the Family Court Judge that no material prejudice to the minor was shown; thus, the motion was properly denied.

The Court has reviewed the entire record and considered other questions raised. We are of the unanimous view that these questions involve no matter of precedent and no error of law appears. They are, accordingly, dismissed under Rule 23 of the Rules of Practice.